UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| XPEL, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>DOPE TINTINGS, LLC,<br><br>      Defendant. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:24-cv-07684-KMW-EAP<br><br>**ORDER** |

**WHEREAS**, on July 10, 2024, plaintiff XPEL, Inc. ("Plaintiff") filed its Complaint in this action against defendant Dope Tintings, LLC ("Defendant") (ECF No. 1); and

**WHEREAS**, on July 16, 2024, Defendant was served with copies of the Complaint and Summons (ECF Nos. 6, 9); and

**WHEREAS**, on August 20, 2024, the Clerk of Court, at Plaintiff's request, entered default against Defendant for failure to plead or otherwise defend (ECF No. 12); and

**WHEREAS**, on September 4, 2024, counsel for Defendant—without entering an appearance on Defendant's behalf—informed the Court that Defendant was attempting to retain counsel to defend it in this matter (ECF No. 13); and

**WHEREAS**, on September 10, 2024, Plaintiff filed a Motion for Default Judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b)(2) (ECF No. 15); and

**WHEREAS**, on October 1, 2024, Defendant's non-attorney agent, Ricardo Ranger, filed a Cross-Motion to Vacate Default, which also seeks an extension of time within which to obtain legal counsel and respond to the Complaint (ECF No. 17); and

**WHEREAS**, the Court having considered the pending Motions (ECF Nos. 15, 17), and finding good cause to enlarge the time within which Defendant may respond to the Complaint;

**IT IS** this **6th** day of **February 2025** hereby

**ORDERED** as follows:

A) The Clerk of Court's prior entry of default against Defendant is **VACATED**.[1]

B) Defendant shall respond to the Complaint **on or before March 7, 2025**. However, Mr. Ranger is advised that business entities may not appear *pro se* and may not otherwise be represented by anyone who is not licensed to practice law.[2] As such, any response to the Complaint submitted on Defendant's behalf must be filed by a licensed attorney admitted to practice law in this jurisdiction.

C) Defendant's Cross-Motion to Set Aside Default (ECF No. 17) is **DENIED** and rejected as an improper submission.

D) Plaintiff's Motion for Default Judgment (ECF No. 15) is **DENIED WITHOUT PREJUDICE** to seeking the entry of default and renewing its Motion in the future, should Defendant fail to respond to the Complaint as ordered herein.

E) Plaintiff shall serve a copy of this Order on Defendant within three days of its entry.

*Karen M. Williams*

KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

---

[1] *See Feliz v. Kintock Grp.*, 297 F. App'x 131, 137 (3d Cir. 2008) (recognizing authority of district courts to *sua sponte* set aside entries of default for good cause).

[2] *See* 28 U.S.C. § 1654 (providing that a party may proceed in federal court "personally or by counsel"); *see also Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, 288 F.R.D. 340, 342 n.2 (D.N.J. 2012).